## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Dawn M. Clark,

                    Plaintiff,          Case No. 1:18-cv-04746

v.                                      Michael L. Brown
                                        United States District Judge
Alloy Wheel Repair Specialists,
LLC, Soundcore Capital Partners,
LLC, and Rob Wheeley as C.E.O.
of Alloy Wheel Repair Specialists
(for federal claims and individually
for state claims),

                    Defendants.

_____/


## <u>ORDER</u>

Plaintiff Dawn Clark sued Defendants Alloy Wheel Repair Specialists ("AWRS"), Soundcore Capital Partners, LLC, and Rob Wheeley. She asserted claims under Title VII of the Civil Rights Act (42 U.S.C. § 2000e *et seq*.) against Defendants for sexual harassment (Count One), retaliation (Count Two), and a sexually hostile work environment (Count Three). (Dkt. 12 ¶¶ 80–114.) She also asserted state law claims for sexual battery (Count Four), intentional infliction of emotional

distress (Count Five), retaliation (Count Six), and negligent retention (Count Seven). (*Id.* ¶¶ 116–34.) Defendants AWRS and Wheeley moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. (Dkt. 18.) Defendant Soundcore moved to dismiss for lack of personal jurisdiction. (Dkt. 19.)

Magistrate Judge King issued a Report and Recommendation ("R&R") (Dkt. 26), recommending that the Court grant Defendant Soundcore's motion. She also recommended granting Defendants AWRS's and Wheeley's motion to dismiss in part. Specifically she recommended dismissal with prejudice of Plaintiff's (1) Title VII claims (Counts One, Two, and Three) against Defendant Wheeley, (2) Title VII claim for hostile work environment sexual harassment against Defendant AWRS based solely on Mr. Wheeley's offensive conduct that did not lead to an adverse employment action, (3) state law claim for sexual battery and negligent retention against AWRS (Counts Four and Seven), (4) state law claim of intentional infliction of emotional distress against Defendants AWRS and Wheeley (Count Five), (5) state law claim for retaliation against Defendants AWRS and Wheeley (Count Six), and

(6) request for permanent injunction against Defendant AWRS. (Dkt. 26 at 48–49.) She recommend denial of Defendant AWRS's and Defendant Wheeley's motion to dismiss Plaintiff's Title VII claims against Defendant AWRS for *quid pro quo* sexual harassment (Count One, Dkt. 12 ¶¶ 80–99). (Dkt. 26 at 47.)

Plaintiff objected to the recommendations for the dismissal of claims against Defendants AWRS and Wheeley but did not object to the Magistrate Judge's conclusion that this Court lacks personal jurisdiction over Defendant Soundcore. (Dkts. 28; 30.)

## I.    Standards of Review

When a party objects to an R&R, the district court must review de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). If an objection fails to identify the specific findings or a specific basis for the objection, a court need not consider it. *Id.*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555.

Even if a plaintiff will probably not recover, a complaint may still survive a motion to dismiss for failure to state a claim. A court reviewing such a motion should bear in mind that it is only testing the sufficiency of the complaint, not the merits of the case. *Twombly*, 550 U.S. at 556; *see also AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) ("[N]otice pleading does not require a plaintiff to specifically plead every

element of his cause of action, [but] a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" *Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557). A plaintiff's complaint will be dismissed if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Before a federal court can exercise personal jurisdiction over a non-resident defendant, it must determine that it has jurisdiction under (1) the long-arm statute of the state in which it sits and (2) the Due Process Clause of the United States Constitution. *Louis Vuitton*

*Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). "Only if both prongs of the analysis are satisfied may a federal court exercise personal jurisdiction over a nonresident defendant." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). If a defendant does not challenge the complaint's jurisdictional allegations through affidavit evidence, the court accepts "the allegations stated in the complaint as true for purposes of resolving the jurisdictional issue." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). But when a defendant counters the assertion of personal jurisdiction by submitting affidavit evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp.*, 556 F.3d at 1274 (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002)). If the allegations in the plaintiff's complaint and the supporting evidence

"conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269.

## II.    Discussion & Analysis

The Court incorporates by reference the findings (to the extent not objected to by Plaintiff), standard of review, and procedural history of this case from the R&R.  The Court will not repeat those items here but turns to Plaintiff's specific objections to the R&R.[1]

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

Plaintiff did not object to Magistrate Judge King's recommendation that the Court grant Defendant Soundcore's motion to dismiss for lack of personal jurisdiction.  Even so, the Court has conducted a de novo review of that recommendation and adopts it as its finding.

Plaintiff's passing references to Defendant Soundcore in the complaint fail to carry her burden of establishing personal jurisdiction over Defendant Soundcore under Georgia's long-arm statute.    That

---

[1] The Court refuses to consider the affidavit Plaintiff attached to her objections to the R&R but did not include before the Magistrate Judge. Even considering it, the Court would reach the same conclusions set forth herein.

statute authorizes a court in Georgia to exercise personal jurisdiction over any nonresident who:

> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
> (3) Commits an injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered within this state . . . .

GA. CODE ANN. § 9-10-91.    Georgia law governs the breadth and application of its long-arm statute. *Diamond Crystal*, 593 F.3d at 1258. When applying the Georgia long-arm statute, this Court must construe it as the Supreme Court of Georgia would.  *Id.*  Jurisdiction under the Georgia long-arm statute is not "coextensive with procedural due process." *Id.* at 1259.  Instead, the state statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of due process." *Id.*

Interpreting § 9-10-91(1), the term "transacts any business" means that a nonresident defendant purposefully takes some act or consummates some transaction in Georgia, even though the defendant

may never have physically set foot in Georgia. *Id.* at 1264 (holding § 90-10-91(1) satisfied where non-resident defendant never entered Georgia, but sent purchase orders to a specific Georgia manufacturer, requested delivery by third-party pick up, and promised to pay money into Georgia). The ultimate question is whether, upon analysis of all the tangible and intangible conduct, "it can fairly be said that the nonresident [defendant] has transacted any business within Georgia." *Hi-Tech Pharm. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-CV-949-MHC, 2016 WL 9454418, at *4 (N.D. Ga. Dec. 28, 2016).

Defendant Soundcore presented an affidavit from Mr. Zarotsky establishing that it transacted no business in Georgia. (Dkt. 19-2.) Plaintiff's declaration from Mr. Morris (Dkt. 21-2) did not sufficiently challenge Mr. Zarotsky's assertions or otherwise show Defendant Soundcore transacted business in Georgia. There is simply no evidence that Defendant Soundcore "has purposefully done some act or consummated some transaction" within Georgia. *Diamond Crystal*, 593 F.3d at 1264. The Court likewise agrees with the Magistrate Judge's determination that Plaintiff has not shown Defendant Soundcore's ownership interest in AWRS, Mr. Zarotsky's alleged involvement with

AWRS on behalf of Soundcore, and Plaintiff's other allegations satisfy the requirements necessary for personal jurisdiction under the second and third subsections of Georgia's long-arm statute.

The Court also agrees that Plaintiff has failed to show that the exercise of jurisdiction over Defendant Soundcore would comply with the Due Process clause of the Fourteenth Amendment. "The Due Process Clause protects an individual's liberty interest in not being subject to binding judgments imposed by foreign sovereigns." *Diamond Crystal,* 593 F.3d at 1267. "The heart of this protection is fair warning — the Due Process Clause requires that the defendant's conduct and connection with the forum State [be] such that he [or she or it] should reasonably anticipate being haled into court there." *Id.* (alteration in original) (internal quotation marks omitted).

The Eleventh Circuit has rejected the notion that a parent corporation is subject to jurisdiction in a state just because a subsidiary conducts business there:

> [A] foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there. Where the "subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent

may not be acquired on the basis of the local activities of the subsidiary."

*Meier*, 288 F.3d at 1274 (quoting *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000)).  Instead, to gain personal jurisdiction over a parent based on the actions of a subsidiary, a plaintiff must show the subsidiary's existence "was simply a formality, and that it was merely [the parent's] agent."  *Sherritt*, 216 F.3d at 1294.  The Court agrees that Plaintiff's allegations do not satisfy this burden, and she has failed to establish general jurisdiction over Defendant Soundcore.

With no general jurisdiction, a court may exercise specific jurisdiction over a nonresident defendant where: (1) the claim arises out of or relates to at least one of the defendant's contacts with the forum; (2) the nonresident defendant purposefully avails itself of minimum contacts with the forum, or where the "effects" test is satisfied; and (3) the exercise of personal jurisdiction follows "traditional notions of fair play and substantial justice."  *Louis Vuitton*, 736 F.3d at 1355.  Under Eleventh Circuit precedent, the plaintiff bears the burden of establishing the first two prongs, and if the plaintiff succeeds, the defendant must counter with a "compelling case" to establish the third prong: that the

11

exercise of jurisdiction would violate traditional notions of fair play and substantial justice. *Id.* (quoting *Diamond Crystal*, 94 F.3d at 630–31).

The Court adopts Magistrate Judge King's conclusion that Plaintiff has failed to establish the first two prongs. (Dkt. 26 at 23.) The undisputed evidence shows Defendant Soundcore did not transact any business in Georgia, advertise in Georgia, or otherwise directed its activities to Georgia. Defendant Soundcore's contacts with Georgia also related to AWRS's business operations and had nothing to do with Plaintiff's allegations.

The Court finds it lacks personal jurisdiction over Defendant Soundcore and dismisses all claims against it with prejudice.

## B. Dismissal of Plaintiff's Title VII Claims against Defendant Wheeley

Plaintiff did not object to the Magistrate Judge's recommendation that the Court dismiss her Title VII claims against Defendant Wheeley because the anti-discrimination statute does not allow individual claims against employees. *Busby v. City of Orlando*, 931 F.32d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate. The relief granted . . . is against the employer . . . .").

Having reviewed this recommendation de novo, the Court adopts it and dismisses all Title VII claims against Defendant Wheeley with prejudice.

### C.    Dismissal of Plaintiff's Hostile Work Environment Title VII Claims

The Magistrate Judge concluded that Plaintiff has alleged both a hostile work environment harassment claim — that is, a claim of harassment that did not lead to a tangible employment — and a *quid pro quo* harassment claim — that is, a claim that caused a tangible employment action. (Dkt. 26 at 31.) *Johnson v. Booker T. Washington Serv., Inc.*, 234 F.3d 501, 508 ("Generally, sexual harassment comes in two forms: harassment that does not result in a tangible employment action (traditionally referred to as "hostile work environment" harassment), and harassment that does result in a tangible employment action (traditionally referred to as "*quid pro quo*" harassment.") Plaintiff does not object to this characterization of her complaint. Likewise, Plaintiff does not object to the Magistrate Judge's proper legal conclusions that (1) before filing a Title VII claim a plaintiff must exhaust his or her administrative remedies by filing charges with the EEOC, (2) a plaintiff must file that charge within 180 days of the allegedly discriminatory act, and (3) a plaintiff's failure to file a charge within the

13

180-day period bars any subsequent Title VII claim for that act. *See generally Pijnenberg v. West Ga. Health Sys., Inc.*, 255 F.3d. 1304, 1305 (11th Cir. 2001) ("It is settled law that in order to obtain judicial consideration of such a claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred."). Plaintiff also does not dispute Magistrate Judge King's conclusion that Plaintiff filed her EEOC charge on February 2, 2018, thus barring claims for discrete acts that occurred before August 6, 2017. (Dkt. 26 at 34.) Finally, Plaintiff accepts the Magistrate Judge's determination from the amended complaint that she did not allege any communications with Mr. Wheeley after May 27, 2017. (*Id.* at 35.)

From this undisputed starting point, the Magistrate Judge determined that, to the extent Plaintiff asserts a hostile work environment sexual harassment claim based on Mr. Wheeley's offensive conduct that did not cause tangible employment action, her claim is time-barred. (*Id.* at 36.) Plaintiff objects to this finding. Plaintiff largely argues that she has adequately stated a claim for hostile work environment harassment because of the circumstances Mr. Wheeley

inflicted upon her.  (Dkt. 28 at 9–12.)  The Court agrees.  But the sufficiency of her allegations do not protect Plaintiff from her failure to have filed an EEOC claim within 180 days of the events that give rise to her claim.

Plaintiff does not identify any allegations in her complaint suggesting Mr. Wheeley created, contributed to, or maintained the hostile work environment after May 27, 2017.  Instead, Plaintiff relies on *Cummings v. Walsh Construction Company*, 561 F. Supp. 872 (S.D. Ga. 1983), and *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982), to argue that on-going action can give rise to a hostile work environment claim.  Neither cases, however, speaks to the Magistrate Judge's determination that Plaintiff's claim — even considering the continuing violation doctrine — is time-barred.

The Supreme Court stated in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002), that Title VIII timely filing provision "only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened."  It then explained that "[i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the

statutory time period." *Id.* But then the Supreme Court further explained "*[p]rovided that an act contributing to the claim occurs within the filing period*, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* (emphasis added). In this case, Plaintiff alleges that Mr. Wheeley sexually harassed her and that, by doing so, created a hostile work environment. She does not, however, allege that he did anything that contributed to that hostile environment after May 27, 2017, let alone after August 6, 2017. In fact, she does not even allege she had any communication or involvement with Mr. Wheeley after May 27, 2017. Since she has failed to allege "an act contributing to the claim . . . within the filing period," the Court adopts Magistrate Judge King's conclusion that her hostile work environment claim is time-barred.

The Magistrate Judge also concluded Plaintiff alleged Defendant AWRS committed discrete adverse actions against Plaintiff after August 6, 2017. She also concluded that those discrete acts are related to her allegations of Mr. Wheeley's sexually harassment. As a result, the Magistrate Judge said Plaintiff may rely on evidence of Mr. Wheeley's conduct in proving her *quid pro quo* harassment. Defendant AWRS

objects to that conclusion and says the *quid pro quo* claim should be dismissed as well.  The Court rejects that contention.  Plaintiff essentially alleges that AWRS took action against her after August 6, 2017, related to the harassment Mr. Wheeley inflicted upon her.  That conduct is relevant to her Title VII claim involving her allegedly wrongful termination.

The Court dismisses any claim against Defendant AWRS for hostile work environment sexual harassment based on Mr. Wheeley's offensive conduct (and not causing a tangible employment action).  She may not bring a claim for that conduct alone.  The Court, however, denies Defendant's motion to dismiss Plaintiff's Title VII claim alleging *quid pro quo* sexual harassment and finds Plaintiff may rely on Mr. Wheeley's offensive conduct in asserting that claim.[2]

---

[2] Plaintiff asks this Court to set aside the Magistrate Judge's recommendation that her Title VII retaliation claim be dismissed.  The Magistrate Judge, however, made no such recommendation.  The Court thus overrules Plaintiff's objection and clarifies that her Title VII retaliation claim may proceed.

**D.    Dismissal of Plaintiff's Claim for Intentional Infliction of Emotional Distress**

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss her claim for intentional infliction of emotional distress but identified no error in her ruling.  She merely says her allegations are outrageous enough to state a claim.  The Court disagrees.

To state a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must show that the defendant's conduct was intentional or reckless; that the conduct was extreme and outrageous; that there is a causal connection between the conduct and the emotional distress suffered by the plaintiff; and that the plaintiff's emotional distress is severe.  *See Gaston v. S. Bell Tel. & Tel. Co.*, 674 F. Supp. 347, 352 (N.D. Ga. 1987).  The Georgia Court of Appeals has explained that "liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Ghodrati v. Stearnes,* 723 S.E.2d 721, 723 (Ga. App. 2012).

Plaintiff claims she was a "reluctant participant" in her sexual encounters with Mr. Wheeley, was afraid of losing her job, faced differential treatment compared to male co-workers, that Defendant AWRS took no action to protect her or stop the misconduct when she told them about it, that she was worried and stressed from the misconduct, and that she ultimately lost her job because of her unwillingness to accept the on-going misconduct. Without minimizing the significance of what Plaintiff apparently endured (and being mindful of Mr. Wheeley's awful conduct), the Court agrees with the Magistrate Judge's conclusion that this conduct is not "of the sort which would arouse the resentment of an average member of the community and cause him [or her] to exclaim 'Outrageous!'" *Johnson v. Savannah College of Art & Design, Inc.*, 460 S.E.2d 308, 309 (Ga. Ct. App. 1995). It does not state a claim under Georgia law.

Nor does Plaintiff respond to the Magistrate Judge's conclusion that she did not sufficiently allege extreme emotional distress. (Dkt. 26 at 41.) Plaintiff claims she "suffered at the hands of Defendants a wonton, voluntary, and intentional wrong, the natural result of which was to cause mental suffering and wounded feelings." (Dkt. 12 ¶ 125.)

19

These allegations do not include a sufficiently severe level of emotional distress to state a claim under Georgia law. Indeed, courts have held allegations of emotional distress more severe than mental suffering and "wounded feelings" insufficient as a matter of law. *See Ghodrati,* 723 S.E.2d at 723 (evidence plaintiff suffered anxiety, sleeplessness, embarrassment, and loss of confidence, and later sought counseling, insufficient to establish severe emotional distress); *Abdul–Malik v. AirTran Airways, Inc.*, 678 S.E.2d 555, 560 (Ga. App. 1991) (concluding evidence of sleeplessness and weight gain insufficient for a claim of intentional infliction of emotional distress); *Witter v. Delta Airlines,* 966 F. Supp. 1193, 1201 (N.D. Ga. 1997) (evidence of anxiety, sleeplessness, overeating, diarrhea, and headaches insufficient to establish severe emotional distress). The Court dismisses Plaintiff's claim for intentional infliction of emotion distress.

### E. Dismissal of Plaintiff's State Law Battery Claim Against AWRS

Plaintiff asserted claims against AWRS for sexual battery based on Defendant Wheeley's conduct. (Dkt. 12 ¶¶ 16–17.) "The clear rule in Georgia . . . is that an employer cannot, by ratification, assume liability for the tortious acts of an employee done for purely personal reasons

entirely disconnected from the employer's business." *Travis Pruitt & Assocs., P.C. v. Hooper*, 625 S.E.2d 445, 449 (Ga. App. 2005). Plaintiff claims Mr. Wheeley coerced her into a sexual relationship (that is, committed a battery) but did not claim the sexual relationship had any connection to Defendant AWRS's authorized business. The Magistrate Judge thus recommends dismissal of Plaintiff's claim against AWRS. Plaintiff claims this was improper as a jury should decide whether Mr. Wheeley was acting "within the scope of his employment." (Dkt. 28 at 15–16.)

The Court disagrees. Georgia courts have held that — for an employer to be liable by ratification for sexual harassment committed by an employee — there must be evidence that the employee's conduct was done in furtherance of the employer's business and within the scope of the employment. *Travis Pruitt*, 625 S.E.2d at 449. At this stage of the pleading, Plaintiff must simply allege these facts. She does not do so. Mere allegations that the offender was her boss and that much of the harassment occurred at work or in work-related settings is not enough. *Id.* (noting conduct at work but finding facts insufficient to establish liability against employer). Because she has not alleged Mr. Wheeley

committed the sexual battery in furtherance of the company's business and within the scope of his employment, the Court adopts the Magistrate Judge's recommendation of dismissal.[3]

## III.  Conclusion

The Court **OVERRULES** Plaintiff's objections (Dkt. 28) and **ADOPTS** the Magistrate Judge's Report and Recommendation in large part (Dkt. 26).  The Court **GRANTS IN PART** Defendants' Motion to Dismiss (Dkt. 18) and **DISMISSES WITH PREJUDICE** (1) Plaintiff's Title VII claims (Counts One, Two, and Three) against Defendant Wheeley; (2) Plaintiff's Title VII claim for hostile work environment sexual harassment based solely on Mr. Wheeley's offensive conduct that did not cause discrete acts after August 6, 2017; (3) Plaintiff's state law

---

[3] The Magistrate Judge recommends dismissal of Plaintiff's negligent retention claim, but provided no discussion other than a reference to it in her discussion of the sexual battery claim.  Plaintiff did not respond to that recommendation.  The Court has reviewed Defendant AWRS's motion to dismiss and sees no discussion of that claim (other than being mentioned in the same manner as done by the Magistrate Judge).  The Court thus rejects the Magistrate Judge's recommendation that this claim be dismissed.  Plaintiff did not specifically object to the Magistrate Judge's recommendation of dismissal of her state law retaliation claim or her claim for a permanent injunction.  Even so, having reviewed those portions of the R&R de novo, this Court adopts Magistrate Judge King's recommendations.

claims for sexual battery against AWRS; (4) Plaintiff's state law claim of intentional infliction of emotional distress against Defendants AWRS and Wheeley; (5) Plaintiff's state law claim for retaliation against Defendants AWRS and Wheeley; and (6) Plaintiff's request for permanent injunction against Defendant AWRS. The Court **DENIES** Defendant AWRS's and Defendant Wheeley's motion to dismiss Plaintiff's Title VII claims against Defendant AWRS for *quid pro quo* sexual harassment. The Court **DENIES** Defendant's motion to dismiss Plaintiff's claim for negligent retention. The Court also **GRANTS** Defendant Soundcore's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 19). What remains are (1) Plaintiff's Title VII claim against Defendant AWRS for quid pro quo sexual harassment that resulted in discrete adverse employment action (including termination), (2) Plaintiff's Title VII claims against Defendant AWRS for retaliation, (3) Plaintiff's state law claim against Defendant Wheeley for sexual battery, and (4) Plaintiff's state law claims against Defendants AWRS and Wheeley for negligent retention.

**SO ORDERED** this 19th day of December, 2019.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE